```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

PLAQUEMINE POINT SHIPYARD,                 CIVIL ACTION
LLC, ET AL.

VERSUS                                     NO. 19-11913
                                           C/W 19-12164
                                           REF: ALL CASES

KIRBY INLAND MARINE, LP                    SECTION: "B"(5)
```

## ORDER AND REASONS

Before the Court are: (1) movants Isaac Green, Jermaine Rainey, Clarence Dunbar, and David James' ("Movants") motion for leave to file claim against Kirby Inland Marine, LP (Rec. Doc. 15); (2) claimants Plaquemine Point Shipyard, LLC ("PPS") and Chem Carriers, LLC's ("Chem Carriers") memorandum in opposition to movant's motion for leave to file (Rec. Doc. 22); (3) Petitioner-in-Limitation Kirby Inland Marine, LP's ("Kirby") memorandum in opposition to movants' motion for leave to file (Rec. Doc. 24); (4) movants' reply in support of motion for leave to file (Rec. Doc. 30); and (5) Kirby's sur-reply in opposition to movants' motion for leave to file (Rec. Doc. 33). Accordingly,

**IT IS ORDERED** that movants motion for leave to file (Rec. Doc. 15) is **DENIED.**

**FACTS AND PROCEDURAL HISTORY**

1

This action arises out of an allision between the M/V LEVITICUS and its tow with a dock at Plaquemine Point Shipyard, on March 6, 2019. *See* Rec. Doc. 1 at para. VII., Case No. 19-11913.

Claimant PPS is a Louisiana limited liability company with its principal place of business in the State of Louisiana. *Id*. at para. I. PPS is the owner and operator of a shipyard located in Sunshine, Louisiana. *Id*. Claimant Chem Carriers is a Louisiana limited liability company with its principal place of business in the State of Louisiana. *Id*. at para. II. Chem Carriers is the owner and operator of the barges CCL-404 and CCL-407. *Id*. Petitioner-in-limitation Kirby is a foreign limited partnership with its principal place of business in Houston, Texas, authorized to do and doing business in the State of Louisiana. *Id*. at para. III.

On the date of the incident, movants were working on the dock when the M/V LEVITICUS, owned and operated by Kirby, allided with said dock. Rec. Doc. 15-1 at 2. Movants claim to have suffered serious injuries and brought suit in Harris County, Texas, against Kirby. *Id*. Petitioner then filed the instant Limitation Action in the Eastern District of Louisiana, wherein this Court set a December 16, 2019 deadline for all claimants to file an answer and claims, noting any claims filed after the deadline would be defaulted. *See* Rec. Doc. 4 at 2, Case No. 19-12164. In that order, this Court further ordered Kirby to publish notice of its limitation action in the Times-Picayune newspaper once, each week,

for four consecutive weeks before the court's December 16, 2019 deadline, to which Kirby complied. *Id.* at 2-3. On August 21, 2019, Kirby's limitation proceedings were consolidated with the current suit. Rec. Doc. 6, Case No. 19-12164. Kirby mailed notice, via certified mail, of the instant limitation proceeding to movants' counsel on October 10, 2019. *See* Rec. Doc. 24, Exhibits A & B.

On October 18, 2019, PPS and Chem Carriers filed an answer and claim in the Limitation action. Rec. Doc. 5, Case No. 19-11913. On December 16, 2019, American Longshore Mutual Insurance Association, Ltd. ("ALMA") filed an answer and claim in the proceeding. Rec. Doc. 8, Case No. 11913. Kirby subsequently moved for an entry of default as to any person or entity who had not filed claims and the matter, and this Court complied. Rec. Docs. 10, 12, Case No. 19-11913. On December 18, 2019, the clerk's office issued an order of default, which stated: "All persons/entities who/which have not heretofore filed and presented claims and answers are in default and are hereby barred from filing or prosecuting an claims and/or answers in this or any proceeding relative to the incident of March 7, 2019, involving the M/V LEVITICUS and/or its tow made subject of this limitation proceeding." Rec. Doc. 12.

On January 13, 2020, nearly one month after the expiration of the deadline to file a claim in the limitation proceeding, and one day prior to the scheduling conference wherein the timely claimants and Kirby would agree upon trial and discovery deadlines, movants

3

filed the instant motion for leave to file their untimely complaint. Rec. Doc. 15; *see also* Rec. Doc. 17. In their motion, movants cite "an unfortunate clerical error" as reasoning for their inability to follow the Court's mandated deadline. Rec. Doc. 15-1 at 2. As of now, Kirby has settled a substantial part of the claims made by both PPS and Chem Carriers and the parties have filed a joint motion for partial dismissal of those claims. *See* Rec. Doc. 23. The motion for partial dismissal was filed on January 28, 2020 and granted on February 5, 2020. *Id*.; *see also* Rec. Doc. 31.

**LAW AND ANALYSIS**

**Fed. R. Civ. Proc. F(4)**

Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims, contains the procedure by which a vessel owner can institute a limitation of liability proceeding in federal court. Rule F(4) provides for notice to claimants and states that the court shall set a period during which claimants must file their respective claims or face default. However, under Rule F(4), "for cause shown," the court has discretion to enlarge the time within which claims may be filed.

In *Tex. Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 362 (5th Cir. 1963), the United States Court of Appeals for the Fifth Circuit set forth three factors to be considered by the district court in determining when it is appropriate to allow an untimely claim to be filed in a limitation of liability proceeding:

4

(1) whether the proceeding is pending and undetermined; (2) whether allowing the claim will adversely affect the rights of the parties; and, (3) the claimant's reason for filing late. The precedent of the United States Court of Appeals for the Fifth Circuit "clearly requires that late filers demonstrate their reasons with evidence." *In re River City Towing Servs., Inc.*, 420 F.3d 385, 388 (5th Cir. 2005) (citing *Lloyd's Leasing Ltd. v. Bates*, 902 F.2d 368, 371 (5th Cir. 1990)). "Relief from a tardy claim is not a matter of right[,]" but rather is a remedy that requires and depends upon "'an equitable showing.'" *Golnoy Barge Co. v. M/T SHINOUSSA*, 980 F.2d 349, 351 (5th Cir. 1993).

As for the First factor, the Fifth Circuit nor the Eastern district gives a direct definition of "pending and undetermined" in reference to a limitation proceeding. However, courts within this district are generally guided by the stage of the litigation, the terms of discovery, settlement efforts, and the setting of a trial date. Courts have found a case pending and undetermined when a trial date has not been set, *see, e.g., In re R & B Falcon Drilling USA, Inc.*, Civ. No. 02-241, 2003 WL 296535, at *1 (E.D. La. Feb. 10, 2003), when trial is several months away, *see In re Gladiator Marine, Inc.*, Civ. No. 98-2037, 1999 WL 378121 (E.D. La. June 7, 1999), or when the parties are in the early stages of discovery. *See In re R & B Falcon Drilling USA, Inc.*, 2003 WL 296535, at *1; *In re Central Gulf Lines, Inc.*, Civ. No. 97-3829, 1999 WL 102806, at *3 (E.D. La. Feb. 24, 1999). However, the

5

opposite is true when parties have completed substantial amounts of the discovery or if the petitioner has already extended settlement offers to the timely claimants. *See In re Clearsky Skipping Cor*p., Civ. No. 96-4099, 2000 WL 1741785, at *2 (E.D. La. Nov. 22, 2000). Further, the Fifth Circuit has noted that a limitation proceeding is at least "partially determined" when a petitioner in a limitation action had settled with one claimant and was in settlement negotiations with another. *In re Trace Marine, Inc*., 114 Fed. App'x 124, 127 (5th Cir. 2004).

Here, the proceeding is partially determined. Movants contend that this matter is in the early stages of litigation, no discovery had been taken at the time they filed their motion, and their motion was filed before the scheduled scheduling conference in this matter. Rec. Doc. 15-1 at 5. However, claimants and Kirby have entered into a partial settlement agreement, resolving a substantial part of their claims. *See* Rec. Doc. 23. Because the claim has been partially settled, and the timely parties to the proceeding are still in settlement negotiations, the proceeding is partially determined. *In re Trace Marine, Inc*., 114 Fed. App'x at 127. As the limitation proceeding is partially determined, the first *Texas Gulf* factor weighs against movants' motion for leave to file.

The second *Texas Gulf* factor is whether the timely parties will be prejudiced by the late claimants. 313 F.2d at 362. Here, claimants and petitioner will undoubtedly be prejudiced if

6

movants' motion is granted. Kirby and the timely claimants have already entered into a partial settlement agreement for an amount that is nearly 1/3 of the limitation fund. This $1 million settlement was reached without movants being a party to the proceeding, and therefore no consideration was given to them when petitioner agreed to a certain amount of that fund. Although Kirby had notice that movants would likely file a claim, the fact of the matter is that movants did not timely file, allowing settlement discussions to be conducted and agreements made without consideration of four extra parties to the proceeding. Further, although the partial settlement has already been agreed to and placed into the record, the remaining settlement negotiations would effectively be upended if movants are allowed to bring a claim after the clearly stated and well-publicized notice of the December 16, 2019 deadline for filing claims.

Finally, movants' reasoning for filing late is blunt, non-descriptive, and unpersuasive. Movants counsel describes his mistake as an "unfortunate clerical error" and an "inadvertent oversight," caused by "the deadline . . . not [being] properly calendared." Rec. Doc. 15-1 at 2, 5; Rec. Doc. 30 at 6. Movants' stated reasons fail to meet the applicable standard of "good cause" as articulated by this Circuit. *In re Trace Marine, Inc.*, 114 Fed. App'x at 127 ("Supplemental Admiralty Rules, Rule F(4) allows a district court to permit a claimant in a limitation of liability proceeding to file a claim, *nunc pro tunc*, for *good cause shown*.")

(emphasis added)(citing *Golnoy Barge Co. v. M/T SHINOUSSA*, 980 F.2d 349, 351 (5th Cir. 1993)(citing *Texas Gulf Sulphur Co.*, 313 F.2d 359)).

Movants' proffered reason for their tardiness is not truly a reason at all, and thus they fail to show entitlement to relief. Movants cite *In re Lynchburg Shipyard* to support their contention that an "inadvertent oversight is sufficient reason to allow a late-filed claim." Rec. Doc. 15-1 at 5; *In re Lynchburg Shipyard*, No. CIV. 01-3187, 2002 WL 31427344, at *2 (E.D. La. Oct. 28, 2002). However, *Lynchburg* relies heavily on the Seventh Circuit decision, *Alter Barge*, which held that attorney error was sufficient cause for granting a motion to file a late claim in a limitation proceeding. *See Lynchburg*, 2002 WL 31427344, at *2 (citing *Alter Barge Line, Inc. v. Consol. Grain & Barge Co.*, 272 F.3d 396, 397 (7th Cir. 2001)). The *Lynchburg* court erroneously referred to the case as a Fifth Circuit decision, while it was actually a decision from the Seventh Circuit Court of Appeals. Furthermore, the Seventh Circuit does not recognize the "good cause" standard that has been applied within the Fifth Circuit. *Alter Barge Line, Inc. v. Consol. Grain & Barge Co.*, 272 F.3d 396, 397 (7th Cir. 2001)("[L]ate claimants in admiralty proceedings need not show 'good cause.'")(citing *In re M.V. President Kennedy, Ltd.*, No. 98 Civ. 8126 CSH, 2000 WL 351425, at *2 (S.D.N.Y. Apr. 5, 2000)).

Movants point to no Fifth Circuit decision that allows the late filing of a claim in a limitation proceeding based *solely* on

8

attorney error. This district has held that attorney error combined with failure to give reasons for unintentional oversight is not a sufficient reason to allow untimely claimants to file in a limitation proceeding. *Matter of Stokes*, No. CV 16-14570, 2017 WL 6454430 (E.D. La. Sept. 28, 2017)("[Movants'] attribute the failure to timely file claims to an 'oversight' with no explanation of how such 'oversight' occurred. Because Abe's Boat Rentals would be prejudiced if [movants] were allowed to file late claims, and [movants] have not shown good cause for their failure to timely file claims, [movants'] motions for leave are [denied]"). The Fifth Circuit has also held that a movant must demonstrate reasons for their late filing. *In re River City Towing Servs., Inc.*, 420 F.3d 385, 388 (5th Cir. 2005)("While permission to file late is subject to an equitable analysis of these factors, this Court's precedent clearly requires that late filers demonstrate their reasons with evidence.")(citing *Lloyd's Leasing Ltd. v. Bates*, 902 F.2d 368, 371 (5th Cir. 1990)). Here, movants have made no showing that their counsel's error is "good cause" for granting their motion, nor have they presented evidence to show why that error arose in the first place.

Movants also cite to *In re R&B Falcon Drilling USA, Inc.*, to support their contention that a court in this district has allowed a late claimant to file in a limitation proceeding; however, that case is distinguishable from the present matter. No. CIV.A. 02-0241, 2003 WL 296535 (E.D. La. Feb. 10, 2003). In *Falcon Drilling*,

9

the case was originally assigned to this Court, and was set for trial on January 13, 2003. *Id.* at *1. On December 6, 2002, Pacific Employers Ins. Co. filed a motion seeking to file a claim against R&B for reimbursement of medical and compensation benefits paid to claimant Gilbert Goldman. *Id.* On December 17, 2002, the case was reassigned to Judge Engelhardt due to a conflict, and the trial was continued in the new court due to a conflict with that court's calendar. *Id.* The court held that although it agreed with the motion's opponents that "Pacific Employers' proffered reason for filing late (*i.e.*, that it was unaware of the deadline) is far from compelling . . . the Court nonetheless finds that the equities weigh in favor of allowing the claim." *Id.* The court further noted that because the limitation proceeding was *pending and undetermined*, discovery had been reopened, and no new trial date had been set, and that the only prejudice asserted by the motion's opponents was a delay of the scheduled trial (which was no longer a concern considering the continuance for other reasons) that the movants were entitled to file their late claim.

Here, as noted above, the case is not fully pending and undetermined due to a partial settlement of nearly one-third of the limitation fund and movants should have been aware of the filing deadline as notice had been delivered to them via certified mail. *See* Rec. Doc. 24, Exhibits A & B. Movants' reason for filing late was a failure to calendar the deadline, not a complete

unawareness of said deadline. Consequently, the factual situation presented here differs significantly from that of *Falcon Drilling*.

Lastly, and importantly, *Matter of Stokes* concerned movants that were represented by the very same counsel representing movants in this matter. *See* Rec. Doc. 39, Case No. 16-14570. Unfortunately, the prior denial of the motion for leave to file in *Matter of Stokes* has not made a sufficient impact on said counsel's calendaring abilities, nor his diligence in representing persons wishing to be made party to a limitation proceeding. *See* Rec. Doc. 39, Case No. 16-14570. Accordingly, the motion to file a late claim, one month after the deadline for filing claims had passed and almost a month after entry of an order of default, is denied.

New Orleans, Louisiana this 13th day of July, 2020.

_____
SENIOR UNITED STATES DISTRICT JUDGE